UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Raines and Tim McGough,                          Civ. No. 14-2900 (PAM/JJK)
as Trustees of the Carpenters &
Joiners Welfare Fund and Twin
City Carpenters Pension Master
Fund; John Raines, as Trustee
of the Carpenters and Joiners
Apprenticeship and Journeyman
Training Trust Fund; and each of
their successors,

                              Plaintiffs,

v.                                                    **MEMORANDUM AND ORDER**

Integrity Acoustic Solutions, Inc.,
and Seth Eskew,

                              Defendants.

_____

This matter is before the Court on Plaintiffs' Motion for Summary Judgment.[1]  For

the reasons stated at the hearing as well as those that follow, the Motion is granted in part and

denied without prejudice in part.

The Complaint in this matter alleges that Defendant Integrity Acoustic Solutions, Inc.,

entered into a collective bargaining agreement with several building trade unions in 2012.

Defendant Seth Eskew signed the agreement on behalf of Integrity.  Among other duties, the

CBA required Integrity to submit monthly fringe-benefit-fund reports and payments to the

_____

[1]   Plaintiffs also brought an alternative Motion for Default Judgment against
Defendant Integrity, but because Integrity is now represented by counsel and is participating
in the litigation, Plaintiffs withdrew that Motion.

unions' fringe benefit funds based on the number of hours its employees worked. The funds audited Integrity's reports and discovered work for which fringe benefit contributions were not made: a total of $34,811.13 in unpaid contributions for the period February 2012 through November 2013. The funds submitted an invoice to Integrity but Integrity did not pay the invoice, and this lawsuit followed. The funds now seek a total of $47,827.47 in unpaid contributions, liquidated damages, and fees and costs from Integrity and from Eskew personally.

Defendants raise several arguments against the Motion. First, Eskew contends that he cannot be individually liable under the CBA under settled principles of agency law. Second, Eskew says that he is not personally obligated because he is not an "employer" under ERISA. Finally, both argue that discovery is necessary to determine the extent of Integrity's obligations, because several employees ostensibly were not members of the union and thus no contributions were due for their work, and because one employee was an "owner-operator" for whom contributions are not due. This employee alone is responsible for nearly half of the total amount of damages Plaintiffs claim. Defendants have sought discovery on both of these issues and ask that the Court defer ruling on the Motion or deny it without prejudice to allow discovery to run its course.

## A.    Individual Liability

The CBA provides: "[i]f this Agreement is signed for or on behalf of a corporation, the person signing the Agreement not only binds the corporation but agrees to be bound individually to the full and faithful performance of all the terms and provisions of this

Agreement." (Nasstrom Aff. (Docket No. 23) Ex. A at 25.) Eskew contends that this language does not bind him individually to the contract, citing a decision of this Court. Operating Eng'rs Local No. 49 Health & Welfare Fund v. Listul Erection Corp., 220 F. Supp. 2d 1042 (D. Minn. 2002) (Magnuson, J.). That case found nearly identical language insufficient to overcome the "strong presumption that agents acting for a disclosed principal do not personally bind themselves to the performance of a contract." Id. at 1044. The decision noted that if the fund wanted to make the officer personally liable, "it should have expressed such an intention unequivocally by making [the officer], individually, a signator to the [] Agreement." Id.

Intervening decisions have persuaded the Court that Listul's conclusion is incorrect. At least three other decisions in this District have disagreed, either directly or indirectly, with Listul on this issue. See Operating Eng'rs Local No. 49 Health & Welfare Fund v. Arrowhead Indus. Serv., Inc., No. 10cv624, 2011 WL 1456781, at *3 (D. Minn. Apr. 15, 2011) (Davis, C.J.); Malcolm v. Guerra, No. 06cv2338, 2007 WL 4465206, at *3 (D. Minn. Dec. 18, 2007) (Doty, J.); Malcolm v. Harden & Harden, No. 03cv5211, 2004 WL 2203407, at *2 (D. Minn. Sept. 23, 2004) (Tunheim, J.). These decisions note that Minnesota law does not require a separate signature to hold an individual personally liable under a contract. Arrowhead Indus., 2011 WL 1456781, at *3 (citing B.J. Johnson Partners, LLC v. Loss Paint & Wallpaper, Inc., No. A08-764, 2009 WL 911012, at *5 (Minn. Ct. App. Apr. 7, 2009)). Rather, as these cases have discussed, officers can be personally liable "if the terms of the plan impose[] such liability on them." Rockney v. Blohorn, 877 F.2d 637, 643 (8th Cir.

1999).   And under Minnesota law, "a corporate officer 'may personally guarantee the obligations of a corporation.'"  <u>Guerra</u>, 2007 WL 4465206 at *3 (quoting <u>Universal Lending Corp. v. Wirth Cos., Inc.</u>, 392 N.W.2d 322, 325 (Minn. Ct. App. 1986)).

Under these principles, the guaranty provision in the CBA is unambiguous:  by signing the Agreement, Eskew agreed to be bound individually to the performance the corporation promised.  His first argument therefore fails.

**B.      Employer Under ERISA**

Defendants' next theory is that Eskew is not obligated to make contributions because he is not an employer under ERISA.  He notes that ERISA allows an action to recover funds for an employee benefit plan only against an "employer who is obligated to make contributions to a . . . plan."  29 U.S.C. § 1145.  Because he is not obligated to make contributions, he contends that he is not the proper subject of an action to recover funds under ERISA.

But ERISA broadly defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan."  <u>Id.</u> § 1002(5).  Eskew's theory that he is not an employer under ERISA depends on his previous argument:  if he is not personally bound, then he is not obligated to make contributions and is not acting in the corporation's interest.  As stated above, however, Eskew agreed to be personally bound to the company's obligations under the CBA, and he thus is acting in the interest of the company and is obligated to make the company's contributions to the funds. He therefore qualifies as an employer for the purposes of ERISA.

4

C.     **Discovery**

Finally, Defendants contend that summary judgment is inappropriate no matter the outcome of the previous arguments because the amount of delinquent contributions is in dispute.   They argue that several of the employees for whom the funds have calculated contributions were not members of the union and thus the company was not obligated to make contributions on their behalf.   And they contend that one employee was an owner-operator for whom contributions are not required.

Defendants' first argument notes that the CBA obligates the employer to make contributions for "each hour worked by all employees covered by this Agreement." (Nasstrom Aff. Ex. A at 10.)  The CBA does not define "employees," nor does it otherwise set forth who is covered by the agreement.  Therefore, according to Defendants, the CBA does not mandate contributions for non-union workers.  But the case on which they rely for this proposition is not on point.  Carpenters Fringe Benefits Funds of Illinois v. McKenzie Eng'g, 217 F.3d 578, 582 (8th Cir. 2000).  In McKenzie, an employer had agreements with two different unions, the carpenters union and the engineers union, to make contributions to each union's benefit fund on its employees' behalf.  The court found that the contracts' failure to define "employee" meant that the court could not determine into which of the benefit funds the employer was obligated to pay for the work that was in dispute.  Id.  In other words, the employer was obligated to pay for every employee regardless whether the employee was a carpenter or an engineer, but the question was which fund for which employee.  We do not have that situation here.

5

In this case, the CBA and related agreements provide that the Carpenters Union is the exclusive bargaining agent for all employees of signatory employers such as Defendant Integrity.  (Nasstrom Aff. Ex. A, Art. 3.)  The Eighth Circuit has not addressed the issue, but at least three other courts of appeals have found that a designation of a union as "the exclusive bargaining agent for all employees indicates that fringe benefit contributions are required for both union and non-union members."  Teamsters Local 348 Health & Welfare Fund v. Kohn Beverage Co., 749 F.2d 315, 318 (6th Cir. 1984); accord Audit Servs., Inc. v. Rolfson, 641 F.2d 757, 761 (9th Cir. 1981); Manning v. Wiscombe, 498 F.2d 1311, 1313 (10th Cir. 1974).  Defendants' arguments as to non-union employees are unavailing.

As to whether one individual qualified as an owner-operator, however, Defendants have established a need for further discovery.  Defendants noted at the hearing that a deposition with the individual may be required.  Moreover, Defendants have sought documents from Plaintiffs to define the parameters of the owner-operator exception.  Defendants must be allowed an opportunity to determine whether the owner-operator exception applies.

Because Defendants are entitled to discovery on the owner-operator issue, the Motion must be denied without prejudice in part.  Accordingly, **IT IS HEREBY ORDERED that** Plaintiffs' Motion for Summary Judgment (Docket No. 19) is **GRANTED** in part and **DENIED without prejudice** in part as set forth above.

Dated: <u>May 19, 2015</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge