UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund and Twin City Carpenters Pension Master Fund; John Raines, as Trustee of the Carpenters and Joiners Apprenticeship and Journeyman Training Trust Fund; and each of their successors, | Civ. No. 14-2900 (PAM/JJK) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Integrity Acoustic Solutions, Inc., and Seth Eskew, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Second Motion for Summary Judgment. For the reasons that follow, the Motion is granted.

In May, the Court granted in part and denied in part Plaintiffs' first Motion for Summary Judgment, finding that issues of fact precluded judgment as to one employee of Defendant Integrity Acoustic Solutions, Inc. (Docket No. 36.) According to Defendants, this employee, Jarod Thompson, performed supervisory and managerial work that was not covered by the collective bargaining agreement. Thus, Defendants argue, they are not liable for fringe-benefit-fund contributions for Mr. Thompson's work. The Court previously found that Defendants were entitled to discovery to explore this issue.

Discovery is now complete, but Mr. Thompson has declined to participate in the litigation. Thus, the only evidence in the record regarding whether his work was covered by the CBA is the affidavit of Seth Eskew, Integrity Acoustic's owner, and Mr. Thompson's payroll records. These records are at the best ambiguous as to the kind of work Mr. Thompson performed in any given pay period.

In an ERISA case, it is the employer's burden to maintain records sufficient to establish whether employees are performing work covered by the CBA. 29 U.S.C. § 1059. Integrity Acoustics did not maintain such records, and therefore Defendants have not carried their burden. Plaintiffs are entitled to summary judgment.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' second Motion for Summary Judgment (Docket No. 40) is **GRANTED**;

2. Defendants owe the Funds $34,811.13 for unpaid fringe benefit contributions from February 2012 through November 2013;

3. Defendants owe the Funds $3,481.11 for liquidated damages from February 2012 through November 2013;

4. Defendants owe the Funds $1,044.33 in prejudgment interest on the unpaid fringe benefit contributions from the date the lawsuit was commenced;

5. Plaintiffs are entitled to $25,108.75 in reasonable attorney's fees and costs under ERISA § 502(g) and the terms of the collective bargaining agreement; and

6. Plaintiffs are entitled to a total judgment of $64,445.32 against Defendants.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>September 24, 2015</u>

<i>s/ Paul A. Magnuson</i><br>Paul A. Magnuson<br>United States District Court Judge